**In re Independent Counsel
Kenneth W. STARR.**

**No. LR–M–97–91.**

United States District Court,
E.D. Arkansas,
Western Division.

Oct. 2, 1997.

---

## ORDER

SUSAN WEBBER WRIGHT, District Judge.

Pending before this Court is a motion from Francis T. Mandanici, a Connecticut lawyer, requesting that this Court recuse itself from the consideration of complaints he has submitted against Independent Counsel Kenneth W. Starr.[1] Mr. Mandanici argues that this Court must recuse "because 'a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown.'" Complainant's Mem. Concern. Standing and Recusal, at 9 (quoting *United States v. Tucker,* 78 F.3d 1313, 1324 (8th Cir.1996)). As evidence that this Court's impartiality would reasonably be questioned, Mr. Mandanici attaches to his motion and two supplemental memorandums six newspaper articles, one from the Arkansas Democrat–Gazette and five from the Arkansas Times, that were written in reference to Mr. Mandanici's complaints against Mr. Starr and which briefly mention certain political activities of this Judge prior to assuming the bench.[2] The Court has considered Mr. Mandanici's submissions and finds no basis for recusal.

It is true that in 1974, this Judge worked to re-elect Rep. John Paul Hammerschmidt (R–AR) to the House of Representatives. However, this activity occurred some 23 years ago and 16 years prior to this Judge assuming the bench in 1990. Even if this Judge's political activities in 1974 could at one time be said to have called into question this Judge's impartiality, any such questions have long since dissipated in the more than 7 years that this Judge has held judicial office. During that time, this Court has issued literally hundreds of rulings that are a matter of public record, including rulings both in favor of and against the Independent Counsel. *Cf. In re Grand Jury Subpoena American Broadcasting Co., Inc.,* 947 F.Supp. 1314 (E.D.Ark.1996) (upholding grand jury subpoena issued by Independent Counsel seeking full interview and videotape of interview with Susan McDougal), and *In re Grand Jury Subpoena,* No. GJ–96–3, slip op. (E.D.Ark. Sept.6, 1996) (granting Independent Counsel's contempt application and finding Susan McDougal in contempt for refusing to answer questions before the grand jury despite being granted immunity), with *In re Grand Jury Subpoena Duces Tecum to the White House,* No. GJ–96–3, slip op. (E.D.Ark.Nov. 26, 1996) (denying motion by the Independent Counsel to enforce a grand jury subpoena directed to First Lady Hillary Rodham Clinton seeking notes of conversations she had with her lawyers),[3] and *United States v. Branscum and Hill,* No. LR–CR–96–49 (E.D.Ark.) (lengthy "Whitewater" trial in which this Court issued numerous rulings, some of which went against the Independent Counsel). While some no doubt have disagreed with various rulings of this Court over the years (including, at times, the Independent Counsel), this Court believes that no "reasonable" person who knew the circumstances would question this Court's impartiality and its commitment to a fair and even-handed consideration of the matters before it, regardless of the parties or issues involved. The Court therefore declines Mr. Mandanici's suggestion that it recuse from the consideration of his complaints against Mr. Starr.

---

1. In a 27–page Memorandum Opinion dated August 1, 1997, Judges Wilson, Roy, Woods, and Moody, recused themselves from the consideration of Mr. Mandanici's complaints.

2. One of these articles is an editorial that appeared in the August 8, 1997, edition of the Arkansas Times.

3. This ruling was overturned on appeal by a divided panel of the Court of Appeals for the Eighth Circuit. *See In re Grand Jury Subpoena Duces Tecum,* 112 F.3d 910 (8th Cir.), *cert. denied sub nom., Office of President v. Office of Independent Counsel,* —— U.S. ——, 117 S.Ct. 2482, 138 L.Ed.2d 991 (1997).